IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-cr-00386-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ALMUNDO CRUZ SINGER,

      Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION FOR RELEASE PENDING THE FINAL REVOCATION HEARING PURSUANT TO 18 U.S.C. § 3143(a)**

---

Defendant Almundo Cruz Singer, through undersigned counsel, requests that this Court issue an order to set conditions of release, pursuant to 18 U.S.C. § 3143(a), that allow Mr. Singer to attend The Salvation Army Harbor Light six-month in-patient relapse prevention program (Harbor Light). Mr. Singer has been accepted into the program, as of today, and Harbor Light currently has a bed available for him.[1]

### I. Procedural History:

A Petition for Warrant on Person Under Supervision was filed with this Court on October 5, 2023.[2] The allegations within the petition, in large part, stem from Mr. Singer's longstanding addiction to drugs and alcohol. On October 6, 2023, Mr. Singer was arrested based on the warrant emanating from the petition. Two days later, at Mr. Singer's preliminary and detention hearing, undersigned counsel informed Judge Prose that Mr. Singer's supervising

---

[1] Harbor Light acceptance letter. [Attachment A]
[2] ECF Doc. #26.

officer, Tina Parde, was currently working to have Mr. Singer admitted to Harbor Light - and should Officer Parde be successful, the parties would request that this Court reopen the detention hearing at that time.

Subsequently, Officer Parde was successful in her effort to have Mr. Singer accepted into the six-month in-patient relapse prevention program at Harbor Light. As such, Officer Parde, undersigned counsel, and counsel for the government, Andrea Surratt, all agree that, with the additional condition that Mr. Singer be required to attend and successfully complete the Harbor Light program, clear and convincing evidence now exists to support a finding by this Court, pursuant to 18 U.S.C. § 3143(a)(1), that Mr. Singer is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3142(b) or (c).

**II.   Law:**

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), this Court may release or detain Mr. Singer under 18 U.S.C. § 3143(a)(1) pending the Final Revocation Hearing. In turn, 18 U.S.C. § 3143(a)(1) instructs that this Court detain Mr. Singer unless clear and convincing evidence exists to convince this Court that Mr. Singer is not likely to flee or pose a danger to any other person or the community if released on bond pursuant to 18 U.S.C. § 3142(b) or (c).  The burden of establishing clear and convincing evidence rests with Mr. Singer.

Additionally, pursuant to 18 U.S.C. § 3142(f), this Court may reopen the detention hearing, before or after a determination by this Court at any time before the Final Revocation Hearing, if this Court finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of Mr. Singer and the safety of any other person and the community.

### III.    Argument:

Mr. Singer's arrest, in large part, was necessitated due to his deepening addiction to drugs and alcohol. A majority, if not all, of the allegations in the petition stem from his addiction. Officer Parde believes the six-month in-patient relapse prevention program at Harbor Light will do Mr. Singer an immense amount of good. If Mr. Singer successfully completes the program and, in so doing, successfully stems his addiction, it is likely Mr. Singer will have no issues in the future with complying with his conditions of supervision.

Furthermore, because Harbor Light requires in-patient treatment, weekly counselling sessions, random UA's and breathalyzer tests, and mandatory attendance at various classes, to include weekly AA/NA meetings, and weekly one-on-one meetings with a sponsor, Mr. Singer is not likely to flee or pose a danger to any other person or the community. As such, this Court may set conditions to release Mr. Singer pursuant to 18 U.S.C. § 3142(c).

Accordingly, undersigned counsel requests that this Court release Mr. Springer from custody to allow him to attend Harbor Light's six-month in-patient relapse prevention program. Both Officer Parde and Assistant United States Attorney Andrea Surratt support Mr. Singer's request for release pending the Final Revocation Hearing. As for conditions, the parties request that this Court impose the same conditions that were placed on Mr. Singer by Judge Moore on August 20, 2021, along with the additional condition that Mr. Singer must attend and successfully complete the six-month in-patient relapse prevention program at The Salvation Army Harbor Light Center, 2136 Champa Street, Denver, Colorado 80205.

Additionally, should this Court agree with the parties' request for release, Mr. Singer requests that this Court set a bond release hearing on October 20, 2023, at 10:00 a.m. and instruct that Mr. Singer be dressed out so he may be directly released from the courthouse. As indicated above, The Salvation Army Harbor

3

Light Center is only a few blocks away from the courthouse, allowing Mr. Singer to walk to Harbor Light upon his release from custody. If released from FDC Englewood, Mr. Singer would not have any means of transportation.

    Respectfully submitted,

    VIRGINIA L. GRADY
    Federal Public Defender

    */s/ Matthew K. Belcher*
    MATTHEW K. BELCHER
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, Colorado 80202
    Telephone: (303) 294-7002
    FAX: (303) 294-1192
    Email: Matthew_Belcher@fd.org
    Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that on October 18, 2023, I electronically filed the foregoing ***Defendant's Unopposed Motion for Release Pending the Final Revocation Hearing Pursuant to 18 U.S.C. § 3143(A)*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

Andrea Lee Surratt, Assistant U.S. Attorney
Email:  andrea.surratt@usdoj.gov

and I will serve the document or paper to the following non-CM/ECF participant in the manner indicated:

Almundo Cruz Singer (via mail)


*/s/ Matthew K. Belcher*
MATTHEW K. BELCHER
Assistant Federal Public Defender
Office of the Federal Public Defender

5